IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Willie Lee Willis, III,            ) <br>                                       ) <br>           Plaintiff,      ) <br>                                       ) <br> v.                              ) <br>                                       ) <br> McLeod Health, Hope Health, ) <br> Social Security Administration, Office ) <br> of Inspector General, Department of Health ) <br> and Human Services, Joint Commission on ) <br> Accreditation of Healthcare Organizations, ) <br> South Carolina Department of Health and ) <br> Environmental Control, Centers for ) <br> Medicare and Medicaid Services, South ) <br> Carolina Board of Medical Examiners, ) <br>                                       ) <br>          Defendants.    ) <br>                                       ) | Civil Action No. 4:25-cv-12240-TMC <br><br> **ORDER** |

Plaintiff Willie Lee Willis, III, proceeding *pro se* and *in forma pauperis*, filed this action against the above-named Defendants, (ECF No. 1), together with a motion for a temporary restraining order (ECF No. 4) seeking an order from this court reinstating Plaintiff's SSI benefits even though Plaintiff's SSI claim is "pending" and "unresolved"; requiring Defendants McLeod Health and Hope Health to correct alleged errors in Plaintiff's medical records and immediately provide Plaintiff with appropriate medical care and treatment; directing the agencies and regulatory organizations named as Defendants to conduct an investigation of the SSA, McLeod Health and Hope Health;[1] and requiring Defendants to provide Plaintiff with immediate housing. (ECF Nos. 1 at 5; 4 at 5–6).

---

[1] As explained in the Report, Plaintiff's complaint names only McLeod Health, Hope Health, and the Social Security Administration as Defendants. (ECF No. 1). Plaintiff's motion for a TRO, however, also identifies and seeks relief from the other Defendants named in the caption. (ECF No. 4). Even though the complaint does not appear to assert claims against these other entities,

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a United States Magistrate Judge for pretrial handling.  Now before the court is the magistrate judge's detailed and thorough Report and Recommendation ("Report") (ECF No. 11), recommending the court dismiss this action without issuance and service of process and deny the motion for a temporary restraining order as moot. *Id*. at 18.  The Report was mailed to Plaintiff at the address he provided to the Court. (ECF No. 15).  The Report advised Plaintiff of his right to file specific objections to the Report and of the consequences of failing to do so. (ECF No. 11 at 19).  The Report was returned to the court as delivery was unable to be made at the address provided by Plaintiff. (ECF No. 16).  Plaintiff has not provided an updated address to the court.  To date, Plaintiff has not filed any objections to the Report and the time for doing so has expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'"  *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating

---

the magistrate judge, out of an abundance of caution, construed Plaintiff's complaint as seeking relief from such entities and listed them as Defendants in the caption. (ECF No. 11 at 1). The Court concurs with this approach.

only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))).  Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

The court has carefully reviewed the Report and finds no clear error in the Report nor any other basis to deviate from the recommendations set forth therein.  Accordingly, the court **ADOPTS** the Report (ECF No. 11) and incorporates it as if set forth fully herein.  This action, therefore, is **DISMISSED** without prejudice and without issuance and service of process for the reasons set forth in the Report.  Plaintiff's motion for a temporary restraining order (ECF No. 4) is **DENIED** as moot.

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>Chief United States District Judge

November 12, 2025  
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.